IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMAS J. MCFARLAND, | ) | |
| Appellant, | ) | 1:13-CV-00209-JRH-BKE |
| | ) | |
| vs. | ) | |
| | ) | |
| A. STEPHENSON WALLACE, | ) | Appeal in: |
| Chapter 7 Trustee | ) | Chapter 7 |
| | ) | Case No. 11-10218-SDB |
| Appellee. | ) | |

**O R D E R**

Thomas J. McFarland ("Appellant") appeals from the Bankruptcy Court's September 29, 2012, and September 30, 2013, Orders sustaining A. Stephenson Wallace's ("Appellee") objection to Appellant's exemptions. This Court **AFFIRMS** the Bankruptcy Court's Orders.

## I. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rules 8001 et seq. On appeal, the Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

## II. DISCUSSION

This appeal presents two issues: (1) whether the

Bankruptcy Court erred in determining that Appellant was limited to the $2,000.00 exemption for whole life insurance set forth in O.C.G.A. § 44-13-100(a)(9); and (2) whether the Bankruptcy Court erred in finding that Appellant's retirement annuity was not exempt pursuant to O.C.G.A. § 44-13-100(a)(2)(E).

### A. Whole Life Insurance

Appellant argues that limiting him to the $2,000.00 exemption for the cash surrender value of life insurance provided in O.C.G.A. § 44-13-100 violates the Supremacy Clause and Bankruptcy Clause of the United States Constitution and the Equal Protection Clause of the Georgia Constitution.[1] Appellant also urges that the cash surrender value may be claimed under O.C.G.A. § 33-25-11. The Court reviews the Bankruptcy Court's legal conclusions on these issues de novo.

### 1. Background

Appellant filed for Chapter 7 bankruptcy as a result of a personal injury judgment. Appellant, who was underinsured, attempted to exempt the full cash surrender value of a whole life insurance policy, approximately $13,445, under O.C.G.A. § 44-13-100(9) and O.C.G.A. § 33-25-11. Appellee, a Chapter 7 trustee, sought to have the exemption disallowed entirely or

---

[1] On appeal, Appellant does not present an equal protection argument under the United States Constitution.

limited to the $2,000.00 exemption amount provided in § 44-13-100(9).

The Bankruptcy Court sustained Appellee's objection to the full exemption under § 33-25-11 and allowed a limited exemption of $2,000.00 under § 44-13-100(9). The Court also held that limiting debtors to the $2,000.00 exemption for the cash value of life insurance provided in O.C.G.A. § 44-13-100 does not violate the Equal Protection Clause or the Supremacy Clause of the United States and Georgia Constitutions. Further, the Bankruptcy Court concluded that Georgia debtors in bankruptcy cannot exempt cash surrender values of whole life insurance policies under O.C.G.A. § 33-25-11.

## 2. Supremacy Clause

Appellant challenges the Georgia bankruptcy statute under the Supremacy Clause. The Supremacy Clause provides that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. According to the United States Supreme Court, "any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause." Perez v. Campbell, 402 U.S. 637, 652 (1971). Appellant insists that the Georgia legislature invaded an area of law that is

3

reserved for the federal government when it enacted O.C.G.A. § 44-13-100, a bankruptcy specific statute.

Pursuant to O.C.G.A. § 44-13-100(b), Georgia "opted out" of the federal bankruptcy exemptions provided in 11 U.S.C. § 522(d) and thus a debtor who files bankruptcy while domiciled in Georgia is limited to the list of exemptions found in O.C.G.A. § 44-13-100. In re Sapp, Case No. 11-30468 (Bankr. S.D. Ga. 2012); In re Ambrose, 179 B.R. 982, 984 n.2 (Bankr. S.D. Ga. 1995); In re Boyette, 250 B.R. 822, 824 (Bankr. S.D. Ga. 2000).

Many jurisdictions have held that state bankruptcy-only exemption laws are consistent with the Supremacy Clause. In re Joyner, 489 B.R. 292 (Bankr. S.D. Ga. 2012)(upholding the constitutionality of Georgia's bankruptcy statute); Kulp v. Zeman (In re Kulp), 949 F.2d 1106, 1109 n.3 (10th Cir. 1991)(Colorado's bankruptcy exemption does not conflict with the federal scheme because 11 U.S.C. § 522 expressly delegates to states the power to create bankruptcy exemptions); In re Morell, 394 B.R. 405 (Bankr. N.D. W. Va. 2008)(West Virginia "admirably fulfilled its federal mandate in opting out of the federal exemptions" and creating its bankruptcy specific exemption statute); In re Brown, 2007 WL 2120380, at *15 (Bankr. N.D.N.Y. 2007)(holding that Congress specifically allowed states to use their own exemptions instead of the

4

federal exemptions listed in § 522(d), and New York's bankruptcy only exemption scheme is not so inconsistent with the exemptions listed in § 522(d) as to render it invalid under the Supremacy Clause); In re Shumaker, 124 B.R. 820, 826 (Bankr. D. Mont. 1991)("[T]he underlying premise . . . that it is not permissible for states to seek two different levels of exemptions, one applicable in bankruptcy and one without, simply misstates the applicable constitutional power of a state to enact bankruptcy laws where Congress has not sought to act."); In re Vasko, 6 B.R. 317, 323-24 (Bankr. N.D. Ohio 1980)(concluding that the state's bankruptcy-only exemption law did not conflict with or frustrate the basic objectives of Congress to provide a debtor with a fresh start and was therefore not preempted); Sheehan v. Pevich, 574 F.3d 248, 252 (4th Cir. 2009)(Supremacy Clause did not render invalid West Virginia's bankruptcy-specific exemption statute). Here, Georgia law and federal law are not in conflict because Congress, through 11 U.S.C. § 522(b), expressly granted states the power to opt-out of the federal exemptions and provide for exemptions under state laws. Appellant's Supremacy Clause argument therefore fails.

### 3. Bankruptcy Clause

Appellant also challenges the Georgia bankruptcy exemption statute under the Bankruptcy Clause. Under the

5

Bankruptcy Clause, Congress was granted the power to "establish . . . uniform Laws on the subject of Bankruptcies." U.S. Const. art. I, sec. 8, cl. 4. The Bankruptcy Clause only requires that bankruptcy laws apply uniformly among classes of debtors. Wood v. U.S. (In re Wood), 866 F.2d 1367, 1372 (11th Cir. 1989). Appellant argues that limiting bankruptcy debtors to the exemptions in O.C.G.A. § 44-13-100 while allowing non-bankruptcy debtors the protections afforded in O.C.G.A. § 33-25-11 violates the uniformity requirement of the Bankruptcy Clause. The Bankruptcy Court's conclusion that Georgia's bankruptcy-specific legislation does not run afoul of the Bankruptcy Clause is sound.

Even though Georgia law treats bankruptcy debtors differently from non-bankruptcy debtors, the statute passes constitutional muster under a Bankruptcy Clause inquiry because it applies uniformly to all debtors in bankruptcy. Numerous jurisdictions have held bankruptcy-only exemption statutes to be consistent with the uniformity requirement of the Bankruptcy Clause. See, e.g., Kulp, 949 F.2d at n.3 (Colorado's bankruptcy-only exemption statute, which creates a bankruptcy exemption which is not available to other Colorado debtors, meets the Constitution's uniformity requirement for bankruptcy laws); In re Holt, 84 B.R. 991, 1001 (Bankr. W.D. Ark. 1988)(Arkansas' opt-out exemption

6

scheme does not violate the uniformity requirements of the Bankruptcy Clause of the U.S. Constitution), aff'd, 91 B.R. 997 (W.D. Ark. 1988), aff'd, 894 F.2d 1005 (8th Cir. 1990); In re Brown, 2007 WL 2120380, *8 (Bankr. N.D.N.Y. 2007)(upholding New York's bankruptcy laws under the Bankruptcy Clause and Supremacy Clause); In re Shumaker, 124 B.R. 820, 823 (Bankr. D. Mont. 1991)(Montana statute providing exemption rights in Individual Retirement Accounts for bankrupt debtor but not for non-bankrupt debtor did not violate the doctrine of geographic uniformity or equal protection principles). The Georgia exemption statute is consistent with the uniformity requirement of the Bankruptcy Clause because the statute applies uniformly to all debtors in bankruptcy.

### 4. Equal Protection Clause of the Georgia Constitution

Appellant further argues that the classifications of bankruptcy debtor and non-bankruptcy debtor violate the Equal Protection Clause of the Georgia Constitution.

Under the Georgia Constitution, a statutory classification will withstand an equal protection challenge if it is "reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." See Mack Trucks, Inc. v. Conkle, 436 S.E. 2d 635, 638 (Ga. 1993).

7

The same rationale used in the Bankruptcy Clause analysis can be used here. Georgia's exemption statute, which applies only to debtors in bankruptcy but treats all of those debtors equally, is constitutional under an equal protection inquiry. As the Bankruptcy Court noted, citing <u>Menchise v. Akerman Senterfitt</u>, 532 F.3d 1146, 1151 (11th Cir. 2008), the rational basis for providing separate exemptions for purposes of bankruptcy is to serve the overriding purposes of the bankruptcy laws: "to collect all of the assets and liabilities of an entity, to pay the creditors of the bankrupt to the fullest extent possible, and to give the Debtor a fresh start." Georgia's classification is reasonable because it serves these purposes. Also, bankruptcy debtors and non-bankruptcy debtors are not in similar circumstances and therefore the Georgia Constitution does not require that they receive equal treatment. Appellant's equal protection argument fails.

### 5. Availability of O.C.G.A. § 33-25-11

Appellant also raises the issue of whether a debtor may exempt the full cash surrender value of a life insurance policy under § 33-25-11, which in his case is approximately $13,445, or whether he is limited to the $2,000.00 exemption set forth in § 44-13-100(a)(9). Section 33-25-11 of Georgia's Insurance Code protects the cash surrender values of

Georgians' life insurance policies from creditors. There is no limit or cap to the amount of cash value that may be protected under that provision. Section 44-13-100 of Georgia's Bankruptcy Code, on the other hand, protects only $2,000.00 of the cash surrender value of Georgians' life insurance policies. This provision applies specifically to debtors in bankruptcy proceedings. Not surprisingly, Appellant seeks an exemption under the insurance provision rather than the bankruptcy provision. The Bankruptcy Court rejected his argument, based on traditional statutory construction and case law, and the Court agrees.

When two statutes conflict, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. In re Sapp, Case No. 11-30468 (Bankr. S.D. Ga. 2012); In re Allen, 2010 WL 3958171, at *3 (quoting Vines v. State, 499 S.E.2d 630, 632 (Ga. 1998)); see also Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385 (1992). As mentioned, § 44-13-100 is the statute specific to bankruptcy exemptions and therefore it prevails over the more general provisions of O.C.G.A. § 33-25-11. Several bankruptcy courts have reached the same conclusion. In re Sapp, Case No. 11-30468 (Bankr. S.D. Ga. 2012)(Georgia debtors in bankruptcy cannot exempt cash surrender values of whole life insurance policies under O.C.G.A. § 33-25-11); In re Ryan, 2012 WL 423854 (Bankr. S.D. Ga. 2012)(O.C.G.A. § 33-25-11(c) does not

provide the debtor an exemption from the bankruptcy estate); In re Allen, 2010 WL 3958171 (Bankr. M.D. Ga. 2010)("if Section 33-25-11(c) is construed to provide an exemption in bankruptcy cases, then it will be in conflict with Section 44-13-100."). The Bankruptcy Court did not err in concluding that O.C.G.A. § 33-25-11 does not provide the debtor an exemption from the bankruptcy estate.

**B. The Annuity**

In addition to the life insurance exemption issue, Appellant argues that his annuity is exempt under O.C.G.A. § 44-13-100(a)(2)(E). After considering the nature of the annuity and the circumstances surrounding the purchase of the annuity, the Bankruptcy Court found that his annuity does not fit within the scope of O.C.G.A. § 44-13-100(a)(2)(E) because his annuity was not intended or designed to be a wage substitute. The Court reviews this factual finding for clear error.

**1. Background**

In March 2006, when Appellant was sixty-four years old, he purchased a Hartford flexible premium variable annuity from his son and financial advisor for a one-time payment of $150,000.00. As a variable annuity, it allows Appellant to participate in the market and lock in high water marks while protecting against market fluctuations. Appellant is both

annuitant and the contract owner while his wife is the beneficiary. As currently structured, Appellant has deferred payment the maximum number of years until his ninetieth birthday in order to increase the death benefit to his wife. The annuity does not provide for fixed, regular payments to Appellant but instead gives Appellant the ability to access the money at any time subject to withdrawal charges. As owner and annuitant, Appellant is free to change the contract owner and the beneficiary and may cancel the annuity at any time. He may also withdraw all or some of the contract value and premiums paid subject to charges assessed by Hartford.

In an Order dated September 29, 2012, the Bankruptcy Court, among other things, stayed the determination of whether Appellant may exempt the annuity under O.C.G.A. § 44-13-100(a)(2)(E) until the Georgia Supreme Court responded to the certified questions related to annuities in In re Cassell, 688 F.3d 1291 (11th Cir. 2012). See Silliman v. Cassell, 738 S.E.2d 606 (Ga. 2013); In re Cassell, 713 F.3d 81 (11th Cir. 2013). Upon resolution of that legal question, the Bankruptcy Court held, in an Order dated September 30, 2013, that Appellant's "annuity" is not exempt under O.C.G.A. § 44-13-100(a)(2)(E).

**2. Legal Analysis**

Section 44-13-100(a)(2)(E) provides, in pertinent part, that any debtor who is a natural person may exempt, for

11

purposes of bankruptcy, the debtor's right to receive:

> (a) payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]

O.C.G.A. § 44-13-100(a)(2)(E). For a debtor to exempt an annuity under this provision, the annuity must meet three requirements: (1) it must be an "annuity" as that term is used in the Georgia statute; (2) the right to receive the annuity payments must be "on account of illness, disability, death, age, or length of service"; and (3) the payments must be reasonably necessary to support Appellant or his dependents. Id.; In re Cassell, 688 F.3d at 1294-95; see also Silliman v. Cassell, 738 S.E.2d at 609.

The Georgia Supreme Court recently announced, for the first time, how courts are to determine whether the first requirement is met; that is, what exactly an "annuity" is for purposes of O.C.G.A. § 44-13-100(a)(2)(E). Silliman v. Cassell, 738 S.E.2d at 609. An annuity comes within that statute if it "provides income as a substitute for wages." Id. at 610. To make this determination, courts must consider the nature of the contract giving rise to the annuity, as well as the facts and circumstances surrounding the purchase of the annuity. Id. at 610-11. Soon after Silliman was decided, the Eleventh Circuit adopted Silliman's interpretation of the

12

Georgia statute in a case similar to the one before this Court. See In re Cassell, 713 F.3d at 81-82.

Here, the Bankruptcy Court applied this law, which required a fact intensive inquiry, and found that Appellant's "annuity" does not fit within the scope of O.C.G.A. § 44-13-100(a)(2)(E). In reaching the conclusion that Appellant's "annuity" was not intended to provide income as a substitute for wages and therefore falls outside the statute, the Bankruptcy Court considered the following facts:

(a) By electing to defer payment the maximum number of years, Appellant made it clear that he did not intend for the annuity income to act as a replacement for wages;

(b) Appellant's financial advisor and son testified that the annuity was not created for wage replacement;

(c) The structure of the annuity does not contemplate a payment at regular intervals;

(d) Appellant's annuity is a variable annuity adjusting to the market and therefore is more akin to an investment policy rather than a wage replacement;

(e) Appellant's payments from the annuity have not yet begun and Appellant has retained control over the annuity and its corpus, including withdrawing all or part of the funds; and

(f) Appellant has also retained the right to terminate

13

the contract and receive the surrender value of the contract taken in the form of a cash settlement.

Upon consideration of these facts, the Bankruptcy Court concluded that Appellant's annuity more closely resembles a nonexempt investment rather than a substitute for wages. This determination is reasonable based on the facts presented and is not clearly erroneous.[2]

### III. CONCLUSION

For the reasons set forth, the Bankruptcy Court's September 29, 2012 Order and September 30, 2013 Order are **AFFIRMED**. The Clerk shall **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of September, 2014.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia

---

[2] Appellant raises a legal argument for the first time on appeal which was not considered by the Bankruptcy Court: even if his annuity is not an "annuity" within the meaning of O.C.G.A. § 44-13-100(a)(2)(E), his annuity is a "similar plan or contract" under that provision and therefore may be exempt. The Court does not address that here because it was not raised below.